TEELE et al. v. CONSOLIDATED AMUSEMENT CO.

(Supreme Court, Appellate Term. February 4, 1907.)

CORPORATIONS—LIABILITY ON CONTRACTS—ACTS OF OFFICERS.

Where the president of a corporation employed public accountants to go over the company's books, the corporation was liable for their services, performed with the knowledge of the officers, although the president concealed from certain new directors, who were elected just after the accountants' services commenced, and who constituted a majority of the board, that the accountants had been employed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1615–1619.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Arthur W. Teele and others against the Consolidated Amusement Company. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Dennis & Buhler, for appellants.
Leo Levy, for respondent.

GILDERSLEEVE, J. The plaintiffs appeal from a judgment entered in favor of the defendant. Plaintiffs are copartners and public accountants. They claimed to have performed services for the defendant between November 21, 1905, and December 19, 1905. The only defense was, first, as to the value of the plaintiffs' services, and upon that no evidence was given to corroborate the plaintiffs' testimony; and, second, whether or not the plaintiffs were employed on behalf of the defendant corporation.

It was shown on behalf of the plaintiffs that one Robinson, prior to November 20, 1905, was president of the defendant corporation; that on November 20th he instructed one McCutcheon to employ the plaintiffs to examine the books of the defendant; that he did so employ them on either the 20th or 21st of November; that they began work on that day; and that their labor continued for 11 days. Robinson, who on November 20, 1905, was the president of the defendant, testified that he authorized McCutcheon to employ plaintiffs, and that one Barnes and one Lambert, who were all of the directors of the company at that time, consented to such employment. It appears that from some time in October, 1905, there was certain litigation threatened or pending against Robinson, the president of the defendant, against McCutcheon, the secretary of a corporation, known as the "United States Lithographing Company," which then held practically all of the stock of the defendant corporation, and that on November 17, 1905, an agreement was made between all parties interested whereby such differences were

adjusted, and on November 21, 1905, the number of directors of defendant was enlarged, and that a Mr. Bonheur, Mr. Loewy, Mr. Hodgkins, Robinson, and McCutcheon became directors. It further appears that some, if not all, of the new directors, were aware that the plaintiffs were engaged on an examination of the books of the defendant, and it does not appear that any officer or director ever made any objection to the work going on. On the contrary, one of said directors having delivered one of the books of the defendant to a representative of the plaintiffs while they were proceeding with the work.

There is considerable testimony as to threatened litigation, and also tending to show that some agreements had been made by individual members of the board of directors, prior to November 21st, with persons who became directors on that date, relative to the employment of accountants, which agreements were apparently inconsistent with the employment of plaintiffs by Robinson; but how this could alter the fact that plaintiffs were actually employed and did the work, or how such agreements could affect the plaintiffs' right to recover in this action does not clearly appear. Neither does testimony tending to show that Mr. Robinson concealed from the new directors, in their conversation had with him on the morning of November 21st, the fact that prior to that time he had employed the plaintiffs, absolve the defendant from liability. Such employment was proven to have been made by authority of the president of the defendant, whose power to do so cannot be questioned, and the work performed by plaintiffs was done with the knowledge and without the objection of the defendant's officers, which would seem to be a sufficient ratification thereof.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

BLANCHARD, J., concurs.

DAYTON, J. I concur, on the ground that the work appears to have been done with the knowledge of many, if not all, of the parties concerned.